UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HERMELANDO MONGE-PIEDRA, et al., | )  <br>)   CASE NO. C14-0457-TSZ-MAT  <br>) |
| Petitioners, | ) |
| v. | )   REPORT AND RECOMMENDATION  <br>) |
| DEPARTMENT OF HOMELAND SECURITY, et al., | )  <br>)  <br>) |
| Respondents. | )  <br>) |

Currently before the Court are *in forma pauperis* ("IFP") applications for five of the 30 *pro se* plaintiffs in this putative class action. (Dkt. Nos. 8-11 and 25.) For the reasons discussed below, the Court recommends that this action be DISMISSED without prejudice and the pending IFP applications be DENIED as moot.

BACKGROUND

On March 28, 2014, Wayne Rudder, a non-attorney, submitted to the Court for filing a proposed "Class Action Civil Rights Complaint" on behalf of 30 *pro se* plaintiffs, all of whom are aliens detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma. (Dkt. Nos. 2-1 and 2-3.) The IFP applications Mr. Rudder

REPORT AND RECOMMENDATION
PAGE -1

submitted with the proposed complaint were incomplete (Dkt. No. 2), and on March 31, 2014, the Court mailed IFP deficiency letters directly to the plaintiffs, not to Mr. Rudder (Dkt. No. 4). To date, one plaintiff has paid the $5 filing fee required for habeas corpus petitions (Dkt. No. 5), five plaintiffs have submitted corrected IFP applications (Dkt. Nos. 8-11, 25), and 15 of the IFP deficiency letters have been returned to the Court as undeliverable (Dkt. Nos. 6-7, 12-24).

The proposed complaint seeks to challenge the statutory and regulatory scheme governing removal of aliens from the United States. Specifically, plaintiffs allege: (1) they were expelled from the United States through the use of voluntary departure procedures other than those specified in 8 C.F.R. § 240.25, in violation of the Administrative Procedures Act; (2) they agreed to voluntary departure without a knowing and voluntary waiver of rights in violation of the Immigration and Nationality Act and procedural due process; (3) their summary and unauthorized expulsion from the United States, without due process guarantees being met, violated due process; (4) the reinstatement procedures violate due process because they do not allow the detainees to challenge the original removal order when that order was illegally obtained; (5) the Executive Office of Immigration Review and ICE have implemented procedures at the Northwest Detention Center that prevent the detainees from obtaining counsel in violation of due process; (6) the "Order of Reinstatement" does not inform detainees that they are able to appeal to the Ninth Circuit, thereby violating due process; and (7) the government's failure to obtain a copy of an original order of removal prior to reinstating that order violates due process.

Plaintiffs seek to pursue these claims on behalf of a class defined as:

REPORT AND RECOMMENDATION
PAGE -2

> All persons who have been the subject of voluntary departures gained through intimidation, coercion, force, and illegal behavior by the Defendants and those who are subjected to the reinstatement process because of the abuses by the Defendants, and those who have been removed through the reinstatement process because of the abuses of the Defendants and all those who will be subjected to the reinstatement process after voluntary departure in the future.

(Dkt. No. 2-1 at 29.)   Plaintiffs ask the Court to certify this matter as a class action and appoint counsel, stay their removal pending resolution of their claims, declare defendants' actions unconstitutional, and grant an injunction preventing future unconstitutional acts.  (*Id.* at 32, 36-37.)

## DISCUSSION

When a party applies for IFP status, the Court screens the proposed complaint and must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, plaintiffs' action should be dismissed because there is no arguable basis in the law for them to pursue a class action as non-attorneys who are proceeding *pro se*.  While a party may plead and conduct his own case personally, that privilege is personal to him.  The Ninth Circuit has made clear that a *pro se* litigant has no authority to appear as an attorney for others. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (privilege to represent oneself *pro se* provided by 28 U.S.C. § 1654 is personal to litigant and does not extend to other parties); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (non-attorney may appear *pro se* on own behalf, but has no authority to appear as an attorney for others than himself); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer does not

REPORT AND RECOMMENDATION
PAGE -3

have authority to appear as attorney for other persons in putative class action).

Furthermore, although plaintiffs request that the Court appoint counsel (*see* Dkt. No. 2-1 at 36-37), they have not made the requisite showing. There is no right to counsel in cases bringing civil rights or habeas claims, and the Court may only request counsel in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980); 28 U.S.C. § 1915(e)(1). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the party to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Here, plaintiffs have not shown that this case involves exceptional circumstances which warrant appoint of counsel at the present time.

The Court also notes that plaintiffs' proposed complaint is deficient because it is unsigned. Every submission to the Court must be signed by each *pro se* party. *See* Fed. R. Civ. P. 11(a).

## CONCLUSION

For the foregoing reasons, the Court recommends that this action be DISMISSED without prejudice and the pending IFP applications be DENIED as moot. (Dkt. Nos. 8-11, 25.) A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of April, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4