UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HERMELANDO MONGE-PIEDRA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF HOMELAND ) <br> SECURITY, et al., ) <br> ) <br> Respondents. ) <br> _____ ) | CASE NO. C14-0457-TSZ-MAT <br><br> REPORT AND RECOMMENDATION |

Petitioner was one of approximately 30 *pro se* immigration detainees at the Northwest Detention Center who sought to bring a class action related to voluntary departure and reinstatement of removal procedures, among other things. (*See* Dkt. 2-1.) That action was broken into individual actions, and petitioner's amended habeas petition pursuant to 28 U.S.C. § 2241 was allowed to proceed under the original cause number. (*See* Dkts. 53, 54, 58 (amended petition, filed July 15, 2014).)

Respondents have moved to dismiss, arguing that petitioner is lawfully detained and has already been given the bond hearing he requested in his petition. (*See* Dkt. 70.) Petitioner did not respond to the motion to dismiss. For the reasons discussed below, the Court recommends

REPORT AND RECOMMENDATION
PAGE -1

that respondents' motion to dismiss (Dkt. 70) be GRANTED, petitioner's amended habeas petition (Dkt. 58) be DENIED, and this action be DISMISSED.

## BACKGROUND

A.   Petitioner's removal proceedings

Petitioner is a native and citizen of Mexico, who came to the United States for the first time in 2002. (Dkt. 70-1.) In March 2008, petitioner was arrested and subsequently transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE"). (*Id.*) ICE notified petitioner, in writing and orally in Spanish, of his right to an attorney and right to legal process. (Dkt. 70-2.) ICE issued a Notice to Appear to petitioner, charging him with unlawful presence in the United States under 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."). (Dkt. 70-3.) The same day, petitioner signed a stipulated request for a removal order and a hearing waiver. (Dkt. 70-4.) On April 10, 2008, an Immigration Judge ("IJ") issued a removal order pursuant to petitioner's stipulation. (Dkt. 70-5.) Petitioner was subsequently removed.

In April 2013, ICE received information that petitioner had returned to the United States illegally. (Dkt. 70-1.) ICE agents arrested and detained petitioner, and on April 10, 2013, the Department of Homeland Security ("DHS") reinstated his 2008 removal order.[1] (Dkt. 70-6.)

Petitioner expressed a fear of return to Mexico, and an asylum officer found this fear to

---

[1] DHS may reinstate a prior order of removal if it finds that the alien "has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal." 8 U.S.C. § 1231(a)(5). The "prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." *Id.*

REPORT AND RECOMMENDATION
PAGE -2

be reasonable.[2]  Petitioner was placed in withholding-only proceedings so that an IJ could determine whether he was eligible for withholding of removal or Convention Against Torture ("CAT") protection.  (*See* Dkt. 70-7.)  On January 17, 2014, an IJ denied petitioner's applications, and on April 28, 2014, the Board of Immigration Appeals ("BIA") affirmed.  (*Id.*; Dkt. 70-8.)  Petitioner then filed a petition for review in the Ninth Circuit, which entered a temporary stay of removal that is currently in effect.  *Monge-Piedra v. Holder*, Case No. 14-71488, Dkt. 7 (9th Cir. June 5, 2014).

B. Petitioner's bond proceedings

Petitioner has been detained since April 2013.  (Dkt. 70-1.)  On December 26, 2014, an IJ found that he lacked jurisdiction to hold a bond hearing because petitioner was subject to a reinstated removal order.  (Dkt. 70-8.)  Petitioner appealed, and the BIA remanded the case to the IJ for a bond hearing because petitioner had been detained for more than six months.  (Dkt. 70-9.)  On August 14, 2014, the IJ held a bond hearing and denied petitioner bond, finding that he is a flight risk.  (Dkt. 70-10.)

DISCUSSION

Petitioner makes the following claims:  (1) he was removed in 2008 without due process of law; (2) the provisions for reinstating removal orders are unconstitutional; (3) reinstatement of his 2008 removal order was improper because he was never given a copy of the 2008 order; (4) allowing an IJ, rather than a "judicial officer," to make a bond determination violates due process; (5) the IJ improperly found no jurisdiction to conduct a bond hearing after

---

[2] If an alien expresses a fear of persecution or torture, the alien is interviewed by an asylum officer to determine whether the alien possesses a "reasonable fear" of return.  8 C.F.R. § 208.31(b).  If the asylum officer makes a positive reasonable fear determination, the matter is referred to an IJ for consideration of the request for withholding of removal.  8 C.F.R. § 208.31(e).  The IJ's decision to grant or deny withholding of removal may be appealed to the BIA.  8 C.F.R. § 208.31(g)(2)(ii).

petitioner's detention had become prolonged; (6) petitioner was improperly denied withholding of removal and CAT relief; and (7) the Northwest Detention Center has a policy that deprives detainees with reinstated orders of removal of the opportunity to attract qualified counsel.[3] (*See* Dkt. 58 at 3-11.)   The Court will address these claims below.

A.     The Court lacks jurisdiction over petitioner's first, second, third, and sixth claims

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), amended the judicial review provisions of the Immigration and Nationality Act to explicitly provide that exclusive jurisdiction over claims that directly or indirectly challenge an order of removal lies in the courts of appeals.  *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012); *see also* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."); 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

District courts retain jurisdiction only over "claims independent of challenges to removal orders." *Martinez*, 704 F.3d at 622 (quoting *Singh v. Gonzales* ("*Singh I*"), 499 F.3d 969, 978 (9th Cir. 2007)).   Whether a claim is an indirect challenge to a removal order or an independent claim turns on the substance of the relief the petitioner is seeking.  *Id.*   The Ninth Circuit has found that a claim is independent where the relief sought could be granted without

---

[3] Petitioner's amended petition also asserts the claims of his previous co-petitioners.  (*See* Dkt. 58 at 11-19.)   As these petitioners are proceeding in their own individual actions, their claims are no longer properly before the Court.

REPORT AND RECOMMENDATION
PAGE -4

calling into question the merits of the decision underlying the order of removal.  *See Singh v. Holder* ("*Singh II*"), 638 F.3d 1196, 1211 (9th Cir. 2011); *Singh I*, 499 F.3d at 979.

Petitioner's first, second, third, and sixth claims either directly or indirectly challenge the validity of petitioner's reinstated order of removal, and therefore, this Court lacks jurisdiction.  *See Martinez*, 704 F.3d at 622.  In his first claim, petitioner challenges the validity of his 2008 removal order, which was based on his stipulated request for such an order and waiver of a hearing.  (Dkt. 58 at 3, 5, 8; *see also* Dkts. 70-5 (stipulated request) and 70-6 (order of removal).)  He alleges that when he was taken into custody, ICE agents failed to inform him that he had the right to remain silent, and that he unknowingly signed the stipulated request.  He also asserts that he was improperly denied a bond while detained in 2008.  Because these allegations are aimed at invalidating petitioner's 2008 removal order—and as a direct result nullifying the reinstatement of that order—they directly challenge his reinstated removal order, and this Court lacks jurisdiction.[4]

In his second claim, petitioner contends that the provisions governing reinstatement of removal orders are unconstitutional because they prevent him from challenging his 2008 removal order and allow for removal without providing for a judicial finding that he would be a danger if he were to remain in the United States.  (Dkt. 58 at 3-4, 9.)  These claims challenge

---

[4] The Court notes that the reinstatement provisions restrict an alien's ability to challenge a removal order that is being reinstated:  "If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."  8 U.S.C. § 1231(a)(5).  The courts of appeals, however, retain jurisdiction to consider a "collateral attack on an underlying removal order during review of a reinstatement order if the petitioner can show that he has suffered a 'gross miscarriage of justice' in the initial deportation proceeding."  *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008) (quoting *Debato v. Atty. Gen. of U.S.*, 505 F.3d 231, 235 (3d Cir. 2007).

REPORT AND RECOMMENDATION
PAGE -5

his reinstated removal order, and thus are beyond this Court's jurisdiction.[5]  *See Singh I*, 499 F.3d at 979; *Singh II*, 638 F.3d at 1211.

Petitioner's third claim alleges that his 2008 removal order was improperly reinstated because he was never given a copy of the 2008 order.  (Dkt. 58 at 7.)  The district courts lack jurisdiction over such claims, which must be brought in a petition for review in the Ninth Circuit.  *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc) (courts of appeals retain jurisdiction to review reinstated removal orders, but review is limited to the three discrete inquiries an immigration officer must make in order to reinstate a removal order:  (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order; and (3) whether the petitioner re-entered illegally).

Finally, petitioner's sixth claim argues that he was improperly denied withholding of removal and CAT protection.  (Dkt. 58 at 10-11.)  This is another claim that must be brought in a petition for review with the Ninth Circuit.  This Court has no jurisdiction to entertain it.  *See Martinez*, 704 F.3d at 623 ("Because the substance of the relief that Martinez is seeking (asylum, withholding of removal, and CAT) would negate his order of removal, the district court properly determined that it lacked jurisdiction.").

In sum, under the jurisdiction-stripping provisions of the REAL ID Act, this Court lacks jurisdiction over petitioner's claims related to his 2008 removal order, reinstatement of that order, and his applications for relief from removal.  *See Singh I*, 499 F.3d at 979; *Singh II*, 638

---

[5] The Court observes that even if it had jurisdiction, petitioner's assertions would be foreclosed by the Ninth Circuit's decision in *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 497-98 (9th Cir. 2007) (en banc) (holding that "[r]einstatement of a prior removal order—regardless of the process afforded in the underlying order—does not offend due process because reinstatement of a prior order does not change the alien's rights or remedies," and  "that a previously removed alien who reenters the country illegally is not entitled to a hearing before an immigration judge to determine whether to reinstate a prior removal order").

F.3d at 1211; *Martinez*, 704 F.3d at 623.   Accordingly, these claims should be denied without prejudice.

B.     Petitioner fails to establish error with respect to bond hearings

Petitioner raises two claims regarding bond hearings.  First, he asserts a due process violation in the fact that bond determinations are made by an IJ, rather than a "judicial officer." (Dkt. 58 at 4, 6.)   The Ninth Circuit, however, has repeatedly approved of immigration bond hearings that are conducted by an IJ.  *See, e.g.*, *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008) (holding that aliens facing prolonged detention while their petitions for review of their removal orders are pending are entitled to a bond hearing before a neutral IJ); *Singh II*, 638 F.3d at 1196 (setting forth the due process requirements for bond hearings before an IJ); *Dela Cruz v. Napolitano*, 764 F. Supp. 2d 1197, 1204 (S.D. Cal. 2011) ("[T]here is nothing improper with the same IJ presiding over both the removal and bond proceedings.").   Therefore, petitioner's assertions are unpersuasive.

Second, petitioner contends that the IJ improperly found no jurisdiction to hold a bond hearing in his case based on petitioner's status as an alien subject to a removal order.   (Dkt. 58 at 4-5.)  However, since petitioner filed his amended petition, he was provided with a bond hearing before an IJ.   (Dkt. 70-12 (August 14, 2014 order denying bond based on a finding that petitioner is a flight risk).)   As petitioner makes no argument that his bond hearing was deficient, the Court concludes his claim is moot.[6]  *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot portion of habeas petition challenging detention without bond upon grant of bond hearing).

---

[6] Should petitioner wish to challenge the sufficiency of his August 14, 2014 bond hearing, he may do so by filing a new habeas petition.

In sum, petitioner's claim that only "judicial officers" should be permitted to conduct bond hearings should be denied with prejudice, and his claim that he has not received a bond hearing should be denied as moot.

C. <u>Petitioner fails to establish prejudice with respect to his access to counsel claim</u>

The EOIR maintains a 1-800 telephone inquiry system, the Case Status Information System, which provides information regarding aliens in removal proceedings. (*See* Dkt. 70 (respondents' motion to dismiss) at 2, 10, 11 n.8 (citing Department of Justice, Customer Service Initiatives, Immigration Case Status Information, http://justice.gov/eoir/npr.htm (last visited Aug. 27, 2014)).) Petitioner argues that the Case Status Information System omits information regarding individuals in reinstatement proceedings, thereby depriving them of the ability to attract qualified counsel. (Dkt. 58 at 9-10.) Yet the record establishes that petitioner has been represented by counsel throughout his withholding of removal proceedings. (*See* Dkts. 70-13 and 70-14; *see also Monge Piedra v. Holder*, Case No. 14-71488, Dkt. 1 (9th Cir. May 27, 2014) (notice of attorney appearance on petitioner's behalf).) *See Morales-Izquierdo*, 486 F.3d at 497 (no constitutional right to counsel in civil removal proceedings, and any such statutory right to representation applies only to aliens in proceedings before an IJ). As such, petitioner cannot show prejudice from any absence of information in the Case Status Information System. *See id.* at 495 ("As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him.") (citation omitted). Thus petitioner's claim regarding access to counsel should be denied with prejudice.

/ / /

## CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss (Dkt. 70) be GRANTED, petitioner's amended habeas petition (Dkt. 58) be DENIED, and this action be DISMISSED. A proposed order accompanies this Report and Recommendation.

DATED this 24th day of September, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge